## MATTER OF COSTARELLI

### In Deportation Proceedings

### A–15645606

*Decided by Board April 14, 1970*

A native and citizen of Italy who entered the United States as a crewman is eligible to apply for the benefits of section 1 of the Act of November 2, 1966 as the spouse of a native and citizen of Cuba within the provisions of section 1 of that Act.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant crewman—remained longer.

ON BEHALF OF RESPONDENT: Irving I. Freedman, Esquire
134 North LaSalle Street
Chicago, Ilinois 60602

The case is before us upon motion by the respondent to reopen the proceedings to afford him an opportunity to apply for adjustment of status to that of a permanent resident pursuant to section 1 of the Act of November 2, 1966, Public Law 89–732, 80 Stat. 1161 (commonly referred to as the Cuban Refugee Act). A similar motion previously filed on April 16, 1968 was denied by us when it appeared that the respondent was not statutorily eligible for having his status adjusted under this provision of law because he had not resided in the United States for a period of two years as required by the statute.

The respondent is a 29-year-old married male alien, a native and citizen of Italy, who last entered the United States as a crewman on March 14, 1967, at which time he was granted permission to remain for a period of 29 days. When he did not leave within that period of time, he was given the privilege of voluntarily departing prior to June 24, 1967. He has, however, remained in the United States.

The respondent's wife is a native and citizen of Cuba who entered the United States on June 14, 1966, at which time she was

inspected and paroled. On June 14, 1968, her status was adjusted to that of a permanent resident under the Act of November 2, 1966. Section 1 of said Act provides:

Notwithstanding the provisions of section 245(c) of the Immigration and Nationality Act, the status of any alien who is a native or citizen of Cuba and who has been inspected and admitted or paroled into the United States subsequent to January 1, 1959 and has been physically present in the United States for at least two years, may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if the alien makes an application for such adjustment, and the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence. Upon approval of such an application for adjustment of status, the Attorney General shall create a record of the alien's admission for permanent residence as of a date 30 months prior to the filing of such an application or the date of his last arrival into the United States, whichever date is later. *The provisions of this Act shall be applicable to the spouse and child of any alien described in this subsection, regardless of their citizenship and place of birth, who are residing with such alien in the United States.* (Emphasis supplied.)

The respondent, although not a native or citizen of Cuba, is entitled to have his application for permanent residence considered under said Act. The Act does not preclude a crewman from applying for such adjustment as does section 245 of the Immigration and Nationality Act.[1]

The respondent's motion indicates he may now be eligible to apply for discretionary relief from deportation. Upon due consideration, we will grant the motion.

**ORDER:** It is ordered that the hearing be reopened for consideration of such application for discretionary relief as may be filed.

*It is further ordered* that if discretionary relief is granted by the special inquiry officer, the outstanding order of deportation be withdrawn.

---

[1] *Matter of Sanabria,* 12 I. & N. Dec. 396.